UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN JACKSON DESIGN, INC.
D/B/A HIGHER GROUND GEAR,

      Plaintiff,                            Case Number 15-12005
                                                   Honorable David M. Lawson

v.

MOHAWK USA LLC,

      Defendant.
_____/

**PROTECTIVE ORDER**

Pursuant to the stipulation of the parties,

It is **ORDERED** that:

**1.**      **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Any document designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be marked by the producing party or non-party at the time it is produced or at the time copies are provided to the receiving party. In addition, any documents produced prior to the entry of this Order may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." By the producing party through written notice to the receiving party within 30 days of the effective date of this Protective Order. No receiving party shall be obligated to challenge the propriety of the confidential designation at the time of production or designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and otherwise shall not be disclosed to (or the content discussed with) anyone other than the following persons:

   a. The named parties in this action, their attorneys, and their support staff (e.g., copying and document management personnel).

   b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this action who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

   c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

   d. This Court and its staff members.

3. **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any document designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be marked by the producing party or non-party at the time it is produced or at the time copies are provided to the receiving party. In addition, any documents produced prior to the entry of this Order may be designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the producing party through written notice to the receiving party within 30 days of the effective date of this Protective Order. No receiving party shall be obligated to challenge the propriety of the confidential designation at

the time of production or designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

    **4.**    **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

    a.    Outside attorneys of record in this action and their support staff (e.g., copying and document management personnel).

    b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this action who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

    c.    Non-party Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d.    This Court and its staff members.

    **5.**    **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert. If the producing party objects to the expert, no designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court.

    **6.**    **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

    **7.**    **Motion Practice** – This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth

    (i)    the authority for sealing;

    (ii)    an identification and description of each item proposed for sealing;

    (iii)    the reason that sealing each item is necessary;

    (iv)    the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal;

    (v)    a memorandum of legal authority supporting the seal.

*See* Local Rule 5.3.

The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Whenever a motion to seal is filed, the movant shall describe in detail the particular reason the seal is required. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

An unsealed or unredacted copy of the confidential document, testimony, or information must be used for the judge's courtesy copy of the motion.

    **8.**    **Discovery from Third Parties** – If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Protective

Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this action. A receiving party will have thirty days after receipt of discovery from a third party to designate documents produced by a third party as "Confidential" or "Highly Confidential."

    **9.**    **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

    **10.**    **Trial Testimony** – This Protective Order shall not govern proceedings at trial in this action unless the Court so orders.

    **11.**    **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," and all copies thereof, shall, at the option of the party that produced the documents or things, either be returned to the party that produced them upon the final disposition of this action and its related appeals or they may be destroyed. The producing party shall notify the receiving party of its decision within twenty days of the final disposition of the action, and the receiving party will comply with the producing party's direction within twenty days after receipt of the notice. This provision shall not apply to documents and things the Court determines are not confidential, or documents and things made into exhibits during trial. Outside litigation counsel for

each party may also keep a copy of all pleadings and other documents filed with the Court for their files.

**12. Inadvertent Production of Privileged Material** – The inadvertent production of any privileged or otherwise protectable materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to the attorney-client privilege, the protection afforded to work product materials, the protection afforded to trade secrets or other confidential and proprietary business information, or the subject matter thereof. Upon receiving written notice from the producing party that the materials asserted to be privileged or protected (including copies or summaries thereof) have been inadvertently produced, the receiving party shall promptly return all such material (and any copies that may have been made and may have been distributed) to the producing party within five (5) business days of such notice. Until such materials are returned, the receiving party or parties shall treat the materials and the information contained therein as "Confidential" and shall not subsequently furnish or disclose the same to any persons other than those persons who had the materials or the information contained therein in their possession before receipt of notification from the producing party.

**13. Production of "Confidential" or "Highly Confidential" Material or Information:** If either party or its counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of the other party's "Confidential" or "Highly Confidential" material or information contained therein, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight deliver and /or facsimile to counsel for the other party, identifying the materials sought, and enclosing a copy of the subpoena or other process.

In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had a reasonable opportunity to quash such subpoena.

14. This Protective Order shall remain in effect after the termination of this litigation.

15. The Court may retain jurisdiction of the parties hereto indefinitely respecting any dispute between them respecting improper use of information disclosed under protection of this Protective Order.

                s/David M. Lawson
                DAVID M. LAWSON
                United States District Judge

Dated: December 14, 2015

Stipulated to by:

| | |
|---|---|
| s/Adam M. Linkner | s/Mitra Jafary-Hariri |
| HOOPER HATHAWAY, P.C. | HONIGMAN, MILLER, SCHWARZ & |
| 126 South Main Street | COHN, LLP |
| Ann Arbor, MI 48104 | 315 East Eisenhower Parkway, Suite 100 |
| (734) 662-4426 | Ann Arbor, MI 48108 |
| alinkner@hooperhathaway.com | (734) 418-4254 |
| Attorney for Plaintiff | mjafary-hariri@honigman.com |
| | Attorney for Defendant |

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2015.

            s/Susan Pinkowski
            SUSAN PINKOWSKI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN JACKSON DESIGN, INC.
D/B/A HIGHER GROUND GEAR,

        Plaintiff,                                Case Number 15-12005
                                                    Honorable David M. Lawson

v.

MOHAWK USA LLC,

        Defendant.
_____/

## EXHIBIT A - AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare as follows:

1.     I have read the Protective Order in the above captioned case.

2.     I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3.     I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____ _____
[Signature]